```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :     CRIMINAL ACTION
                                 :
          v.                     :
                                 :
NAIM PRYOR                       :     NO. 03-349-1
```

MEMORANDUM

Bartle, C.J.                                          August 26, 2008

      Before the court is the motion of defendant Naim Pryor under 28 U.S.C. § 2255 to correct, vacate, or set aside his conviction and sentence.

      Pryor maintains that his appellate counsel, Peter Goldberger, was constitutionally inadequate for failing to argue on direct appeal that the court erred in allowing an unredacted version of the indictment to go to the jury during its deliberations.

I.

      On June 24, 2004, a jury found Pryor guilty of: (1) conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; (2) possession with intent to distribute a controlled substance, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and (4) use of or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 28, 2006, the court departed from the range of 360 months

to life prescribed by the Federal Sentencing Guidelines and sentenced Pryor, a career offender, to a total of 180 months in prison.  The court also imposed a term of supervised release of 6 years and a special assessment of $400.  The Third Circuit rejected Pryor's appeal on November 2, 2006.  The United States Supreme Court denied Pryor's petition for a writ of certiorari on October 1, 2007.

## II.

Pryor asserts that his appellate counsel was ineffective in violation of his rights under the Sixth Amendment to the United States Constitution.  In order to establish a claim of ineffective assistance of counsel Pryor must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  The United States Supreme Court has refused to "articulate specific guidelines for appropriate attorney conduct" and has instead emphasized that the proper measure of attorney performance "remains simply reasonableness under prevailing professional norms."  Wiggins v. Smith, 539 U.S. 510, 521 (2003).  In addition, the Supreme Court has cautioned that courts must "indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the

harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002) (quoting Strickland, 466 U.S. at 689).

In the context of an appeal, a criminal defendant's appellate counsel may use his professional judgment to raise only the most worthy issues. Jones v. Barnes, 463 U.S. 745, 751 (1983). Thus, counsel is entitled to "the exercise of reasonable selectivity in deciding which arguments to raise." Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999). Nevertheless, appellate counsel may be deficient where he or she failed to raise a potentially successful issue that was obvious from the trial record. See United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000).

Pryor's claim in this case is predicated upon his unsupported contention that the jury at trial received an unredacted copy of the federal grand jury's indictment. All parties to this action agree that in its unredacted form, the indictment contained a notice of prior convictions which listed Pryor's two previous drug convictions in Pennsylvania state court. They are in further agreement that at trial, the court precluded the prosecution from introducing any evidence of those convictions on the ground that the introduction of such evidence would violate Rules 403 and 404(b) of the Federal Rules of Evidence. Finally, it is undisputed that the jury did indeed receive a copy of the indictment, but whether that copy was redacted or unredacted is at the heart of the pending motion.

Pryor argues that through an "inadvertent mistake," the court submitted an unredacted copy of the indictment to the jury during deliberations. Nonetheless, Pryor presents us with no evidence that the copy of the indictment presented to the jury was in fact unredacted. He cites only the trial transcript, in which the court stated to the jury, "I will send you a copy of the indictment to the jury to aid in your deliberations." Pryor bases his argument entirely upon the absence in the transcript of any affirmative statement that the copy of the indictment received by the jury was in fact redacted. These allegations are clearly insufficient to show that Pryor's appellate counsel, Mr. Goldberger, was ineffective in failing to argue that Pryor's rights were violated by the submission of an unredacted copy of the indictment to the jury. Pryor's claim would first require a finding that the court, the government, and Pryor's two experienced defense counsel, Benjamin Cooper and Gerald Stein, each overlooked the sending to the jury of an unredacted copy of the indictment at a time when the court had explicitly refused to the admit the prior convictions not once, but twice during trial. Pryor presents the court with no evidence that this very unlikely possibility did in fact occur.

Pryor's claim would further require a finding that Mr. Goldberger unreasonably failed to raise the current issue before the Court of Appeals. There is no indication, either on the record or in Pryor's submission, that Mr. Goldberger was even aware of the issue now presented by Pryor. The facts of this

-4-

case are distinguishable from those in Mannino, where appellate counsel failed to recognize a potentially successful issue that was obvious from the trial record.  212 F.3d at 844.  The issue raised by Pryor is not based on the contents of the record and is totally lacking in merit.  Mr. Goldberger was not deficient in failing either to recognize or raise the issue that the jury received an unredacted copy of the indictment.

Accordingly, in light of the record before us and the strong presumption in favor of a finding of "adequate assistance," the motion of Naim Pryor pursuant to 28 U.S.C. § 2255 will be denied.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
        v.                      :
                                :
NAIM PRYOR                      :      NO. 03-349-1
```

ORDER

AND NOW, this 26th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Naim Pryor to correct, vacate, or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED; and

(2)  a certificate of appealability will not issue.

BY THE COURT:

/s/ Harvey Bartle III
                    C.J.