```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :       CRIMINAL ACTION
                               :
          v.                   :
                               :
NAIM PRYOR                     :       NO. 03-349-1
```

MEMORANDUM

Bartle, C.J.                                        April 23, 2008

       Before the court is the motion of Naim Pryor for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

       On May 27, 2003, Pryor was charged in an indictment with:  (1) one count of conspiracy to possess with intent to distribute controlled substances, namely, cocaine base ("crack cocaine"), heroin, cocaine, and marijuana, in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute crack cocaine, and the aiding and abetting thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (3) one count of possession with intent to distribute heroin, and the aiding and abetting thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (4) one count of possession with intent to distribute cocaine, and the aiding and abetting thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; (5) one count of possession with intent to distribute marijuana, and the aiding and abetting thereof, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2; (6) one count of possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (7) one count of using or carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The government filed a pre-trial notice of prior convictions under 21 U.S.C. § 851 setting forth two qualifying prior felony drug convictions.  On June 24, 2004, a jury found Pryor guilty of all counts charged in the indictment.

Computation of Pryor's sentence, which was done using the November 1, 2002 edition of the Guidelines Manual, was complex.  The procedure for determining the offense level of a defendant convicted of multiple counts requires formation of "Groups of Closely Related Counts" under U.S.S.G. § 3D1.  The court arrives at a "combined offense level" by taking the offense level associated with the most serious Group and adding additional levels based on the comparative seriousness of the other Groups.  In this case, the most serious "Group" consisted solely of Count Six, under which Pryor was convicted of possession of a firearm by a convicted felon.  This carried an adjusted offense level of 26.[1]  For the second Group, the court merged the five drug possession counts into a single violation of 21 U.S.C. § 841(a).  Based on a "marijuana equivalent" drug weight of 55.8 kilograms, the resulting offense level for the grouped drug offenses was 20.  Section 3D1.4 mandated the addition of one offense level to that of the most serious Group

---

1.  Two offense levels were added to the base offense level of 24 because the firearm had an obliterated serial number.

where the offense level of the second Group was five to eight levels below the highest group.  Here that resulted in a combined offense level of 27.

Pryor's two previous drug convictions placed him in criminal history category III, which, along with an offense level of 27, would have put him within a guidelines range of 87 to 108 months' imprisonment.  However, Pryor's conviction under § 924(c) of using a firearm in furtherance of a drug trafficking offense carried a mandatory minimum consecutive sentence of at least 60 months.  18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii).  Absent the "career offender" designation discussed below, Pryor would have faced a sentencing range of 147-168 months.

Pryor's two previous felony drug convictions qualified him as a "career offender."  U.S.S.G. § 4B1.1(a).  His criminal history category was immediately elevated to level VI.  Id. § 4B1.1(b). Because several of the drug offenses of which he had just been convicted carried a maximum sentence of more than 25 years in prison, his offense level was increased to 34,[2] which called for a guidelines range of 262 to 327 months' imprisonment. Id.  This, however, was not the end of the matter.  The combination of Pryor's "career offender" status and his

---

2. A conviction for possession with intent to distribute small amounts of crack cocaine, cocaine, or heroin typically carries a maximum sentence of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C).  However, because Pryor committed offenses under that subsection "after a prior conviction for a felony drug offense ha[d] become final," he faced a maximum sentence of thirty years' imprisonment on each offense under § 841(b)(1)(C).

aforementioned conviction under 18 U.S.C. § 924(c) produced a guidelines range of 360 months to life in prison on that count alone.  U.S.S.G. § 4B1.1(c).

At sentencing on January 28, 2005, the court found that the "career offender" designation substantially over-represented the seriousness of Pryor's criminal history.  On that basis, the court invoked U.S.S.G. § 4A1.3(b) to depart downward and apply a criminal history category of III.  See United States v. Shoupe, 988 F.3d 440 (3d Cir. 1993).  This caused no change to Pryor's guidelines range of 360 months to life in prison because U.S.S.G. § 4B1.1(c), which was applicable to Pryor's conviction under 18 U.S.C. § 924(c), does not take into account a defendant's criminal history category.  Nonetheless, based on the then-recent decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), the court handed down a non-guidelines sentence of 120 months on the drug and § 922(g) counts and a mandatory minimum consecutive sentence of 60 months for the § 924(c) offense for a total of 180 months' imprisonment.

Our Court of Appeals affirmed the conviction on November 2, 2006.  United States v. Pryor, 195 Fed. App'x 65 (3d Cir. 2006).[3]  The United States Supreme Court denied Pryor's petition for a writ of certiorari on October 1, 2007.  Pryor subsequently filed a motion under 28 U.S.C. § 2255 in which he faulted his appellate counsel for failing to voice the

---

3.  Pryor did not challenge his sentence on direct appeal.

unsupported contention that the jury at trial had received an unredacted copy of the federal grand jury's indictment. We denied that motion, <u>id.</u>, 2008 WL 3919356 (Aug. 26, 2008), after which the Court of Appeals declined to issue a certificate of appealability.[4]

Effective November 1, 2007, the Sentencing Commission adopted Amendment 706. This amended § 2D1.1 of the Guidelines to reduce the offense levels applied to many offenses involving cocaine base. On December 11, 2007, in Amendment 712, the Sentencing Commission ordered that Amendment 706 apply retroactively, effective March 3, 2008.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..." and where "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a). The Commission has clarified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment

---

4. Pryor's counsel for this motion is the same experienced criminal attorney who had represented him on his direct appeal and whose conduct was the subject of Pryor's unsuccessful pro se motion under § 2255 in which Pryor claimed ineffective assistance of counsel. Neither Pryor nor counsel has suggested that this history creates a conflict of interest or otherwise disqualifies counsel from continuing his representation of Pryor for present purposes.

listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Pryor argues that he is entitled to relief because his sentence was based in part on a downward departure under § 4A1.3, which is in effect an acknowledgment that a defendant's criminal history category substantially over-represents his criminal history.  Had this case involved a straightforward departure of that nature, Pryor might have been entitled to a reduction in sentence.  See United States v. McGee, 553 F.3d 225 (2d Cir. 2009); United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008); but see United States v. Mateo, --- F.3d ---, 2009 WL 750411 (3d Cir. Mar. 24, 2009).  In McGee and Poindexter, both of which involved "career offenders" appealing sentences imposed for possession with intent to distribute crack cocaine, the district court departed downward under § 4A1.3 and imposed a sentence consistent with the guidelines range that would have applied had those defendants not technically been career offenders.  As such, the defendants were entitled to reductions because their sentences were in effect "based on" the guidelines range associated with their crack cocaine-related convictions that had subsequently been lowered by Amendment 706.[5]

---

5. Our Court of Appeals in Mateo held that a defendant sentenced as a career offender is not entitled to a reduction in sentence even where the guidelines range associated with the underlying offense has been reduced by Amendment 706.  The Court did not reach the question posed by McGee and Poindexter, namely, whether such a defendant is entitled to a reduction where the sentencing

Here, the court's downward departure was made under Booker, not § 4A1.3(b), although it was based on the same concern, namely, that Pryor's "career offender" designation produced a manifestly unjust sentencing range under the guidelines.  Unlike the defendants in McGee and Poindexter, however, Pryor was convicted of two separate firearms offenses that each carried a far heavier sentence than did his drug convictions.  The court departed downward to a sentence slightly above the high end of the guidelines range applicable to those firearms offenses in the absence of a "career offender" designation.  Amendment 706 affected that guidelines range only insofar as it dictates that Pryor should have received an offense level of 18 rather than 20 for the grouped drug offenses. Because that reduced offense level would still have been within five to eight levels of the more serious offense level of 26, stemming from his conviction for possession of a firearm by a convicted felon, Pryor would have still received a one-level addition and a combined offense level of 27.  Likewise, Amendment 706 does not affect the mandatory nature of the consecutive five-year sentence imposed for using a firearm in furtherance of a drug trafficking crime.

In sum, there is simply no basis on which to conclude that Pryor's sentence was based even partially on a sentencing

---

court departed downward from the "career offender" guidelines range and instead imposed a sentence based on the guidelines range affected by Amendment 706.

range subsequently lowered by Amendment 706.  Accordingly, we must deny his motion under 18 U.S.C. § 3582(c).

Case 2:03-cr-00349-HB   Document 165   Filed 04/23/09   Page 9 of 9