IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| NAIM PRYOR | : | NO. 03-349 |

MEMORANDUM

Bartle, J. April 27, 2020

Defendant Naim Pryor has filed an emergency motion to lift warrant and detainer which were lodged against him by this court on January 6, 2020 as the result of his alleged violations of his supervised release.

On June 24, 2004, defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute a controlled substance, four counts of possession with intent to distribute a controlled substance, one count of possession of a firearm by a convicted felon, and one count of using and carrying a firearm during and in relation to a drug trafficking crime. He was sentenced to 180 months in prison to be followed by six years of supervised release.

On October 21, 2016, while defendant was on supervised release, the court modified his condition to require him to refrain from the illegal possession or use of drugs and to submit to urine analysis and to participate in substance abuse treatment.

On December 27, 2019, defendant was arrested by police in Tinicum Township, Delaware County, when they stopped the vehicle which they allege defendant was driving recklessly. The police found drugs, including cocaine, oxycodone hydrochloride pills, and marijuana. Defendant had $716 in currency, part of which consisted of counterfeit bills. A loaded firearm, reported stolen, was also recovered in the trunk. The vehicle contained two passengers, including one who was a convicted felon. The other passenger, who was not a convicted felon, claimed ownership of the firearm. Defendant was driving without a license or valid car registration although the car was apparently owned by one of the passengers.

Defendant is currently facing state charges including firearm and drug offenses and is detained in the George W. Hill Correctional Facility in Delaware County because of his inability to post bail.

As noted above, on January 6, 2020, this court issued a warrant and detainer on the petition of the probation officer alleging violations of the terms of his supervised release. It is anticipated that defendant would be brought before this court for a revocation hearing once the charges in Delaware County are resolved.

In his emergency motion to lift warrant and detainer, defendant asserts that he is now being held on "low bail and is

expected to pay that bail shortly." He further states that the state court has decided that his release is appropriate because he is not a risk of flight or a danger to the community.

In addition, defendant emphasizes his various medical conditions. According to defendant he had surgeries in 2017 and 2019 and has various lumbar spinal joint issues. In December 2019, shortly before his latest arrest, his physician reported that he needs "a maintenance medical exercise program under the direction of a physical therapist to prevent further deterioration in their [sic] physical condition." Defendant has been prescribed narcotic pain relief medication. He reports he has had no medical care since his arrest and is experiencing significant pain.

He is also deeply concerned about the dangers of COVID-19 pandemic in light of his medical condition if he should be detained in the Federal Detention Center in Philadelphia where he would be housed once released by the local authorities. It has been reported to the court that 22 inmates and 42 staff members at George W. Hill Correctional Facility have tested positive for COVID-19, and 18 inmates have recovered. No cases of COVID-19, either among inmates or staff, have occurred at the Federal Detention Center in Philadelphia so far. As of April 26, 2020, there have been 12,566 confirmed cases in the City of Philadelphia and 472 deaths.

Defendant also maintains that he has strong family ties in Philadelphia and if released will live with his wife, children, and his 72-year-old father. The Government does not dispute this. He also claims he has an "employment opportunity" to be hired as a home health care aide for his father under a veteran's benefit program.

As a result, defendant seeks to remain free once he makes bail until the charges are decided in the state court or this court has held a revocation hearing on the petition alleging violation of his supervised release.

While the Government opposes the motion,[1] it concedes that the defendant's probation officer does not oppose the motion in light of the present pandemic. She recognizes the seriousness of the yet unproven charges, but it is her view that defendant does not pose a threat to the community. We give her view great weight. It is not at all clear that defendant is responsible for the firearm found in the car as one of the passengers has claimed ownership. Given defendant's strong family ties with his wife, children, and aged father, we find that he does not pose a risk of flight.

Under the totality of the circumstances, we will grant without prejudice the motion of the defendant to lift the

1 The Government urges this court to await his release before making a decision, but his release is imminent.

warrant and detainer at this time and allow him to be released from federal custody once he posts bail in the state court. The grant of this motion does not release him from supervision of the probation officer or from a hearing on the violations of supervised release alleged in the probation officer's January 6, 2020 petition. Furthermore, the decision herein does not prevent the probation officer from filing a new motion for a warrant for defendant's arrest or for a detainer should circumstances require it.